**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:07cr115 |
| v. | § | |
| | § | |
| OLIVER DAVIS | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
DENYING DEFENDANT'S MOTION TO SUPPRESS**

This matter having been referred by the Honorable Marcia Crone, the Court has considered Defendant's Motion to Suppress (Dkt. 20). After considering the evidence presented and the arguments of counsel, the Court finds that the motion should be denied.

In his motion, Defendant seeks to suppress evidence discovered pursuant to a traffic stop conducted by the Plano Police Department on May 3, 2007. Defendant was a passenger in a vehicle driven by Victoria Mitcham which was stopped for failing to stop properly at a stop light and failing to maintain lanes. After the car was stopped, the police officers discovered marijuana, and both Defendant and Mitcham were arrested for possession of marijuana. The car was then taken to police headquarters and searched further at which time crack cocaine and drug paraphernalia were discovered, leading to the charges against Defendant in this case.

Defendant claims that Ms. Mitcham could not have committed the alleged traffic violations because weather conditions had disabled the traffic lights in the area. Defendant claims that the stop was made unlawfully after an undercover operation by the Plano Police Department's narcotics unit did not go forward as the police department had planned. Defendant contends that the search of the car was unreasonable and that the Court should therefore suppress all evidence seized in this case.

On July 31, 2007, the Court held a hearing on Defendant's motion. At that hearing, the Government offered the testimony of Stephen Boyd, a narcotics detective with the Plano Police Department who was investigating Defendant at the time of the traffic stop, and Officer Benjamin Thurmond, the police officer who conducted the traffic stop. Defendant called Officer Wicker, a Plano police officer who was involved in the undercover investigation, but not the traffic stop, and Officer Carey, an officer with the Plano Police Department who participated in the stop. Other than these two police witnesses, Defendant offered no additional evidence at the July 31 hearing. After hearing all of the evidence at the July hearing, the Court indicated that it would recommend to the District Judge that the Motion to Suppress be denied.

On August 1, 2007, Defendant filed a Motion to Reopen the Suppression Hearing, seeking to reopen the hearing in order to allow the Defendant to testify. On August 14, 2007, the Court granted the motion and re-opened the suppression hearing. At the August hearing, Defendant testified. No rebuttal evidence or witnesses were offered by the Government.

After considering the evidence presented at the July 31 and August 14 hearings, the Court finds that Defendant's Motion to Suppress should be denied.

Defendant argues that the police's traffic stop was illegal. A traffic stop is reasonable if the police have probable cause to believe that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810, 116 S. Ct. 1769, 1772, 135 L. Ed.2d 89 (1996). Officer Thurmond testified that Mitcham's car did not stop at a designated point when attempting to stop for a red light and that the vehicle's rear wheels were beyond the stop line before it came to a stop. Contrary to Defendant's allegations that a storm had knocked out the traffic lights, Thurmond testified that all traffic lights were in working order at the time of the traffic stop. Indeed, all four witnesses who testified at the July 31 hearing stated that the traffic lights in the area were functioning at the time of the stop. And

Defendant's own testimony was that the car may have been over the stop line when it came to a stop and that he could not see many of the lines on the pavement from the car.

Further, Officer Thurmond testified that the vehicle failed to maintain a single lane and was straddling the center and far right lane for over 1000 feet.  While Defendant testified that the car remained in one lane, he also testified that the lines separating the lanes were difficult to see.  In light of this evidence, the Court finds that there was probable cause to conduct the traffic stop for the alleged traffic violations.

Further, the Court finds that the scope of the stop was reasonable, and the actions of the officers here were reasonably related in scope to the stop.  Officer Thurmond testified that upon stopping the vehicle, he smelled a strong odor of burnt marijuana coming from the vehicle.  According to Officer Thurmond, Davis admitted to smoking marijuana earlier in the evening and stated that the marijuana blunt and bag of marijuana were his.  Officer Thurmond further testified that Mitcham then stated that there was an unknown amount of crack cocaine concealed in the cushion of the driver's seat.  According to the testimony, Davis and Mitcham gave verbal consent to search the vehicle.

The vehicle was taken to police department headquarters not to conduct a policy-based inventory, but to continue the search for pragmatic reasons considering the harsh weather and lack of complete visibility at that time early in the morning.  The officers were justified in searching the vehicle, including any compartments in it.  *United States v. Reed*, 882 F. 2d 147, 149 (5th Cir. 1989); *United States v. Kelly*, 961 F.2d 524, 527-28 (5th Cir. 1992).

Finally, the Court notes that there is sufficient evidence before the Court that both Mitcham and Defendant gave verbal consent to the search of the vehicle.  A search pursuant to consent is a well-settled exception to the Fourth Amendment's warrant requirement.  *Schneckloth v. Bustamonte*,

3

412 U.S. 218, 219 (1973); *United States v. Tompkins* 130 F. 3d 117, 121 (5th Cir. 1997). The government must prove that consent was freely and voluntarily given, which is to be determined from the totality of the circumstances surrounding the search. *Id.* Because the evidence offered in this matter satisfies the Government's burden of showing that consent was voluntarily given, the search was lawful and the evidence will not be suppressed.

## RECOMMENDATION

The Court recommends that the District Court **DENY** Defendant's Motion to Suppress.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 15th day of August, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE